IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 08-404 |
| | ) | [UNDER SEAL] |
| YAROSLAV ROCHNIAK | ) | |
|   a/k/a Slava | ) | |
|   a/k/a Jerry | ) | FILED |
| GREGORY KUCHER | ) | |
| ROMAN KUCHER | ) | NOV 1 9 2008 |
| ALEXANDER LITT | ) | |
| ROMAN LITT | ) | CLERK U.S. DISTRICT COURT |
| YAKOV SHAKHANOV | ) | WEST. DIST. OF PENNSYLVANIA |
|   a/k/a Jacob | ) | |

INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Margaret E. Picking, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

I. THE INDICTMENT

A Federal Grand Jury returned a 37-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy In or around 1998 until in or around 2006. | 18 U.S.C. § 371 | Yaroslav Rochniak Gregory Kucher Roman Kucher Alexander Litt Roman Litt Yakov Shakhanov |

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 2 | Alien Harboring From in or around 2003 to in or around September 2005. | 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i)) | Yaroslav Rochniak Gregory Kucher |
| 3 | Conspiracy to Launder Monetary Instruments From in or around 1998, and continuing thereafter until in or around 2006. | 18 U.S.C. § 1956(h) | Yaroslav Rochniak Gregory Kucher Roman Kucher Alexander Litt Roman Litt Yakov Shakhanov |
| 4 through 20 | Money Laundering Diverse dates between December 29, 2003, and February 7, 2005. (Goes by check date) | 18 U.S.C. §§ 1957 and 2 | Yaroslav Rochniak Gregory Kucher |

2

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 21 through 37 | Tax Evasion<br>On or about January 31, 2003. (Counts 21 and 22)<br>On or about April 30, 2003. (Counts 23 and 24)<br>On or about July 31, 2003. (Count 25)<br>On or about October 31, 2003. (Count 26)<br>On or about January 31, 2004. (Counts 27, 28 and 29)<br>On or about April 30, 2004. (Count 30)<br>On or about July 31, 2004. (Count 31)<br>On or about October 31, 2004. (Count 32)<br>On or about January 31, 2005. (Counts 33 and 34)<br>On or about April 30, 2005. (Count 35)<br>On or about July 31, 2005. (Count 36)<br>On or about October 31, 2005. (Count 37) | 26 U.S.C. § 7201 | Yaroslav Rochniak<br>Gregory Kucher |

Forfeiture Allegations

3

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1 (All Defendants):

In order for the crime of Conspiracy, in violation of Title 18, United States Code, Section 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons knowingly and willfully agreed or conspired, either expressly or tacitly, to commit the offenses against the laws of the United States described in the Indictment, that is, to harbor aliens for private financial gain, in violation of Title 18, United States Code, Section 371.

> United States v. American Investors, 879 F.2d 1087 (3d Cir. 1989); United States v. Kapp, 781 F.2d 1008 (3d Cir. 1986), cert. denied, 479 U.S. 821 (1986); United States v. Flaherty, 668 F.2d 566 (1st Cir. 1981); United States v. Capeda, 768 F.2d 1515 (2d Cir. 1985); United States v. Sanzo, 673 F.2d 64 (2d Cir. 1982); cert. denied, 459 U.S. 858 (1982); United States v. Pintar, 630 F.2d 1270 (8th Cir. 1980); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶19.01 (1989).

2. That it was part of the agreement or conspiracy to carry out or commit the offenses described in the Indictment as objectives of the conspiracy.

> United States v. American Investors, 879 F.2d 1087 (3d Cir. 1989); United States v. Rankin, 870 F.2d

4

> 109 (3d Cir. 1989); United States v. Kapp, 781 F.2d 1008 (3d Cir. 1986), cert. denied, 479 U.S. 821 (1986); United States v. Inadi, 748 F.2d 812 (3d Cir. 1984); United States v. Wander, 601 F.2d 1251 (3d Cir. 1984).

3. That the defendants willfully became members of the conspiracy.

> United States v. Gomberg, 715 F.2d 843 (3d Cir. 1983), cert. denied, 465 U.S. 1078 (1983); United States v. Graves, 669 F.2d 964 (5th Cir. 1982); United States v. McPartlin, 595 F.2d 1321 (7th Cir. 1979), cert. denied, 444 U.S. 833 (1979); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶19.01 (1989).

4. That one of the co-conspirators thereafter knowingly committed at least one overt act in furtherance of the conspiracy.

> Braverman v. United States, 317 U.S. 49 (1942); United States v. Adamo, 534 F.2d 31 (3d Cir. 1976); United States v. Graves, 669 F.2d 964 (5th Cir. 1982); United States v. Sacco, 436 F.2d 780 (2d Cir. 1971), cert. denied, 404 U.S. 834 (1971); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶19.01 (1989).

5. That such overt act was knowingly done in furtherance of some object or purpose of the conspiracy.

> Grunewald v. United States, 353 U.S. 391 (1957); Braverman v. United States, 317 U.S. 49 (1942);

> United States v. Graves, 669 F.2d 964 (5th Cir. 1982); United States v. Provanzano, 615 F.2d 37 (2d Cir. 1980), cert. denied, 446 U.S. 953 (1980); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶19.01 (1989).

**B.   As to Count 2 (Defendants Rochniak and Gregory Kucher):**

In order for the crime of Alien Harboring, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii), and 1324(a)(1)(B)(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the defendant knew or was in reckless disregard of the fact that an alien had come to, entered or remained in the United States in violation of law.

2.   That the defendant transported or moved or attempted to transport or move said alien within the United States by means of transportation, or otherwise, in furtherance of such violation of law.

3.   That the defendant concealed, harbored, or shielded from detection, or attempted to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation.

4.   That the defendant acted for the purpose of commercial advantage or private financial gain.

6

**C.    As to Count 3 (All Defendants):**

In order for the crime of Conspiracy to Launder Monetary Instruments, in violation of Title 18, United States Code, Section 1956(h), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That a conspiracy to launder monetary instruments, as charged in the Indictment, was entered into by two or more people.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

2.  That the defendants knew the purpose of the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

3.  That the defendants deliberately joined the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h); Whitfield v. United States, 543 U.S. 209 (2005) ("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

**D.    As to Counts 4 through 20 (Defendants Rochniak and Gregory Kucher):**

In order for the crime of Money Laundering, in violation of Title 18, United States Code, Sections 1957 and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the defendants knowingly engaged in a "monetary transaction."

2.   The value of the funds or monetary instrument involved in the transaction or attempted transaction exceeded $10,000.00.

3.   The defendants knew that the funds or monetary instrument involved in the transaction or attempted transaction constituted "criminally derived property."

4.   The property involved in the transaction (i.e., the funds or monetary instrument) was, in fact, the proceeds of "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7).

5.   That the offense took place in the United States or in a special maritime or territorial jurisdiction of the United States.

Authority:  18 U.S.C. §§ 1957(a), 1957(d)(1), 1957(f)(1) and 1957(f)(2).

E.   **As to Counts 21 through 37 (Defendants Rochniak and Gregory Kucher):**

8

In order for the crime of Tax Evasion, in violation of Title 26, United States Code, Section 7201, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That a substantial tax was due from the defendant in addition to that declared in the defendant's tax return.

2. That the defendant attempted to evade or defeat this additional tax as described in the indictment.

3. That in attempting to evade or defeat such additional tax, the defendant acted willfully.

> Cheek v. United States, 498 U.S. 192, 195 (1991); Devitt, Blackmar, and O'Malley, Federal Jury Practice and Instructions (4th Ed. 1990), Section 56.03.

### III. PENALTIES

**A.  As to Count 1:** Conspiracy (18 U.S.C. § 371):

1. Imprisonment of not more than 5 years (18 U.S.C. § 371);

2. A fine not more than the greater of;

    (a) $250,000 (18 U.S.C. § 3571(b)(3));

    or

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant,

unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

4. Any or all of the above.

B. **As to Count 2:** Alien Harboring (8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii), and 1324(a)(1)(B)(i)):

1. A term of imprisonment of not more than ten (10) years for each alien in respect to whom such a violation occurs (8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i)).

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)) for each alien in respect to whom such a violation occurs.

3. A term of supervised release of not more than three (3) years for each alien in respect to whom such a violation occurs (18 U.S.C. § 3583(b)(2)).

4. Any or all of the above.

C. **As to Count 3:** Conspiracy to Launder Monetary Instruments (18 U.S.C. § 1956(h)):

1. A term of imprisonment of not more than twenty (20) years;

2. A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater; and

3. If the sentence includes a term of imprisonment, the Court may impose a period of supervised release of not more than three (3) years (18 U.S.C. § 3583).

D. **As to Counts 4 through 20:** Money Laundering (18 U.S.C. § 1957 and 2:

1. Imprisonment for not more than ten (10) years.

2. A fine of not more than the greater of:

    (a) $250,000.00 (18 U.S.C. § 3571(b)(3));

    or

    (b) An alternate fine of not more than twice the amount of criminally derived property involved in the transaction (18 U.S.C. § 1957(b)(2)).

3. A term of supervised release of not more than three (3) years.

E. **As to Counts 21 through 37:** Tax Evasion (26 U.S.C. § 7201):

1. Imprisonment of not more than 5 years (18 U.S.C. § 371);

2. A fine not more than the greater of;

    (a) $250,000 (18 U.S.C. § 3571(b)(3));

    or

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

As set forth in the indictment, forfeiture may be applicable in this case.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

*/s/ Margaret E. Picking*

MARGARET E. PICKING
Assistant U.S. Attorney
PA ID No. 28942