

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*U.S. Post Office & Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania  15219*                            *412/644-3500*

August 12, 2010


Martin M. Scoratow, Esquire
227 W. 8th Avenue
West Homestead, Pennsylvania 15120


Re:  United States of America v.
     Yaroslav Rochniak
     Criminal No. 08-404


Dear Mr. Scoratow:

This letter sets forth the agreement by which your client, Yaroslav Rochniak, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Yaroslav Rochniak and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Yaroslav Rochniak will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.  The defendant, Yaroslav Rochniak, agrees to the following:

        1.  He will enter a plea of guilty to Counts Two, Three, Six, and Twenty-six of the Indictment at Criminal No. 08-404, charging him with violating Title 8, United States Code, Section 1324; Title



LIMITED OFFICIAL USE

       18, United States Code, Sections 1956(h), and 1957; and Title 26, United States Code, Section 7201, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

2. He will assist law enforcement agencies in investigating violations of federal tax, money laundering, and immigration laws during the period from 2001 to the present, allegedly committed by Yaroslav Rochniak and others, hereinafter "the investigation".

3. He will be fully debriefed by personnel of the United States Attorney's Office and/or Special Agents of the Internal Revenue Service - Criminal Investigation; Immigration and Customs Enforcement, the Department of Labor, Office of Inspector General and/or representatives of other federal, state or local law enforcement agencies as may be determined by the United States Attorney.

4. He will provide all information and evidence within his knowledge or control concerning the investigation. All such information will be full, complete, accurate, and truthful. The determination of the United States Attorney as to the completeness, accuracy, truthfulness and value of the information and evidence provided shall be final and conclusive.

5. He will provide all documents and/or physical evidence within his possession concerning the investigation.

6. He will submit to a polygraph examination administered by an agent of the federal government if requested to do so by the United States Attorney.

7. He will, when requested, testify in grand jury, pretrial, trial, sentencing and post-conviction proceedings in this district and elsewhere.

8. He will stipulate to the introduction in evidence of the Special Agent's Report which will serve (inter alia) as the basis for the plea.

August 12, 2010
Page 3

>He stipulates to the release of the report prepared by the Criminal Investigation division of the Internal Revenue Service, together with any and all accompanying exhibits, to the Examination division of the Internal Revenue Service. He understands that the information contained in the report will be utilized in the determination of his civil liability.

9. He acknowledges that the United States has filed a civil forfeiture action at civil action No. 07-1196 against all of the properties listed in Exhibit A (Subject Properties) to the forfeiture complaint. He also acknowledges that the Subject Properties constitute, and/or are derived from, the proceeds traceable to violations of 8 U.S.C. §1324(a)(1) and are civilly forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C). He waives his right to service of the action at 07-1196 and his right to file a claim and answer to contest the forfeiture of the Subject Properties at 07-1196. He consents to the civil forfeiture of the Subject Properties at civil action number 07-1196 and the entry of a civil forfeiture judgment against the Subject Properties. He waives any former jeopardy or double jeopardy claims in or as a result of the civil seizures, arrests and forfeitures of the Subject Properties.

10. He acknowledges that as a result of the commission of the crime charged in Count Two of the Indictment, he generated $750,000.00 in illegal proceeds and that he dissipated and spent the $750,000.00. He agrees to the entry of an *in personam* forfeiture judgment against him in the amount of $750,000.00 as a substitute asset pursuant to 21 U.S.C. §853(p).

11. The parties agree that within thirty days of his plea of guilty, Yaroslav Rochniak shall submit to the United States Attorney a financial statement under oath for himself and his spouse, and for any business in which he has an interest. The parties further agree that until the $750,000.00 *in personam* judgment is paid in full, he will upon request of the United States Attorney, provide all information regarding his income, assets and financial status, including interviews as to these

   matters, completion of financial statements under oath for himself and his spouse and for any business in which he has an interest, and submission to a polygraph examination. He represents to the United States that he has not transferred or given away any assets within the last three years, other than transactions in the ordinary course of business, payments ordered by the divorce court and/or normal and reasonable gifts to family members with no one gift having a value in excess of $1000.00.

12. He represents to the United States that he has no interest of any kind in any other property that constitutes or is derived from the proceeds of the violation charged in Count Two of the Indictment at Criminal No. 08-404. If it should ever be determined that he, in fact, has retained any right, title or interest in any property not disclosed to the United States ("undisclosed property"), he agrees that such interest shall be immediately forfeited to the United States as substitute assets in addition to the *in personam* judgment in the amount of $750,000.00. The United States District Court shall retain jurisdiction of all disputes concerning application of this clause. He further agrees that the forfeiture of the undisclosed property as authorized herein shall not be deemed an alteration of his sentence.

13. He will voluntarily forfeit to the United States the property described in Exhibit B, attached, which was used to facilitate the violations charged in Counts Two, Three, Six, and Twenty-Six of the Indictment at Criminal No. 08-404.

14. Yaroslav Rochniak acknowledges that the United States will file a Civil Forfeiture Action against the items of property listed in Exhibit B, attached hereto. He waives notice of the Forfeiture Action and waives his right to file a claim and answer to the Forfeiture Action described above. He consents to a Judgement of Forfeiture against the property and acknowledges that the property is traceable to a violation of Title 8, United States Code, Section 1324(a)(1). He waives any former jeopardy or double jeopardy claims he may have in or as a result of the forfeiture of this property.

August 12, 2010
Page 5

15. At the time Yaroslav Rochniak enters his plea of guilty, he will deposit a special assessment of $400.00 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

16. Yaroslav Rochniak waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.

17. Yaroslav Rochniak waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Yaroslav Rochniak may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Yaroslav Rochniak may take a direct appeal from the sentence.

    Yaroslav Rochniak further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

18. Yaroslav Rochniak recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his

immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. After the imposition of sentence, the United States Attorney will move to dismiss the remaining Counts of the Indictment at Criminal No. 08-404, without prejudice to their reinstatement if, at any time, Yaroslav Rochniak is permitted to withdraw his plea of guilty. In that event, Yaroslav Rochniak waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of the Counts dismissed pursuant to this agreement.

2. Pursuant to §1B1.8 of the Sentencing Guidelines, the United States Attorney will not use against Yaroslav Rochniak any information or evidence provided by him in the course of his assistance in the investigation.

3. In his discretion, the United States Attorney may apply for a formal grant of immunity under 18 U.S.C. §§6002 and 6003, in connection with Yaroslav Rochniak's testimony before a federal grand jury or in a court proceeding.

4. Prior to sentencing, the United States Attorney will orally or in writing advise the Court of his evaluation of the nature, extent, completeness, accuracy, truthfulness and value of the assistance and testimony of Yaroslav Rochniak. This evaluation is committed to the sound discretion of the United States Attorney.

5. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Yaroslav

August 12, 2010
Page 7

      Rochniak in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

6. Prior to sentencing, the United States Attorney will, orally or in writing, move that, pursuant to §3E1.1 of the Sentencing Guidelines, the Court reduce the offense level by 3 levels for acceptance of responsibility, on the grounds that the offense level prior to application of §3E1.1 is 16 or greater, and Yaroslav Rochniak timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

7. Within one (1) year of the imposition of sentence, the United States Attorney will review the timeliness, nature, extent, completeness, accuracy, truthfulness, and value of the assistance and testimony of Yaroslav Rochniak. If the United States Attorney determines Yaroslav Rochniak has provided substantial assistance in the investigation or prosecution of other persons, the United States Attorney may, in his discretion, file a motion under Rule 35(b), Federal Rules of Criminal Procedure, advising the Court of the assistance to law enforcement authorities. Yaroslav Rochniak has no right to compel, require or expect that the United States Attorney will file such a motion, however, and the decision to reduce the sentence of Yaroslav Rochniak below the applicable guideline range or any mandatory minimum sentence is solely in the discretion of the Court.

8. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

    C. Yaroslav Rochniak and the United States Attorney further understand and agree to the following:

August 12, 2010
Page 8

1. The penalty that may be imposed upon Yaroslav Rochniak at Count Two is:

    (a) A term of imprisonment of not more than ten (10) years for each alien in respect to whom such a violation occurs (8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(I)).

    (b) A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)) for each alien in respect to whom such a violation occurs.

    (c) A term of supervised release of not more than three (3) years for each alien in respect to whom such a violation occurs (18 U.S.C. § 3583(b)(2)).

    (d) Any or all of the above.

2. The penalty that may be imposed upon Yaroslav Rochniak at Count Three is:

    (a) A term of imprisonment of not more than twenty (20) years;

    (b) A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater; and

    (c) If the sentence includes a term of imprisonment, the Court may impose a period of supervised release of not more than three (3) years (18 U.S.C. § 3583).

3. The penalty that may be imposed upon Yaroslav Rochniak at Count Six is:

    (a) Imprisonment for not more than ten (10) years.

    (b) A fine of not more than the greater of:

        1. $250,000.00 (18 U.S.C. § 3571(b)(3));

        or

        2. An alternate fine of not more than twice the amount of criminally derived

>     property involved in the transaction (18 U.S.C. § 1957(b)(2)).
>
> (c) A term of supervised release of not more than three (3) years.

4. The penalty that may be imposed upon Yaroslav Rochniak at Count Twenty-six is:

   (a) Imprisonment of not more than 5 years (18 U.S.C. § 371);

   (b) A fine not more than the greater of;

   > (1) $250,000 (18 U.S.C. § 3571(b)(3));
   >
   > <u>or</u>
   >
   > (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

   (c) A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

   (d) Any or all of the above.

5. If, at any time, the United States Attorney determines that Yaroslav Rochniak has provided any information or evidence that is not full, complete, accurate, and truthful, or that Yaroslav Rochniak has not provided assistance or testimony upon request, or that Yaroslav Rochniak has subsequently committed any additional federal, state, or local crime(s), the obligations of the United States Attorney under this agreement are terminated. In that event, the government may prosecute Yaroslav Rochniak on charges it has agreed to dismiss or has dismissed, and it may use against Yaroslav Rochniak information and/or evidence obtained from him. The government may also prosecute Yaroslav Rochniak for perjury or obstruction of justice. Any plea of guilty previously entered will stand, however, and Yaroslav Rochniak will not have the right to

August 12, 2010
Page 10

        withdraw the plea of guilty by virtue of his breach of this agreement.

6. This agreement does not preclude the government from pursuing any civil or administrative remedies against Yaroslav Rochniak or his property.

7. The parties agree that, although charges are to be dismissed pursuant to this agreement, Yaroslav Rochniak is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, §617 (Nov. 26, 1997) (known as the Hyde Amendment). Yaroslav Rochniak waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

This letter sets forth the full and complete terms and conditions of the agreement between Yaroslav Rochniak and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*(signature)*

DAVID J. HICKTON
United States Attorney

I have received this letter from my attorney, Martin D. Scoratow, Esquire, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

*(signature)*
YAROSLAV ROCHNIAK

08.23.10
Date

Witnessed by:

*(signature)*

MARTIN M. SCORATOW, ESQUIRE
Counsel for Yaroslav Rochniak

| FP&F# | LI# | DESCRIPTION | QUANTITY | LEGAL STATUS |
|---|---|---|---|---|
| 2005110400006701 | 002 | PALMPILOT MODEL 3C<br>S/N 10GB18M07FFA | 1 | EV |
| 2005110400006701 | 003 | COMPAQ PRESARIO LAPTOP<br>S/N TW30709796 | 1 | EN |
| 2005110400006701 | 004 | COMPAQ CPU MODEL 5300US<br>S/N 2419KFZGV05N | 1 | EN |
| 2005110400006701 | 005 | 3 AND 1/2 INCH FLOPPY DISCS | 14 | EN |
| 2005110400006701 | 006 | COMPACT DISCS | 9 | EN |
| 2005110400006704 | 003 | FLOPPY DISKS | 1 | EV |
| 2005110400006706 | 003 | COMPUTER DISK | 1 | EV |
| 2005110400006708 | 002 | COMPUTER DISK | 1 | EV |
| 2005110400006709 | 002 | 3 2/1" FLOPPY DISK | 1 | EV |
| 2005110400006709 | 004 | TOSHIBA SATELLITE LAPTOP COMPUTER<br>S/N 7017322CA | 1 | EV |
| 2005110400006711 | 002 | COMPUTER DISKS | 10 | EV |
| 2005110400006711 | 003 | PACKARD BELL COMPUTERS<br>S/N N16404419 | 1 | EV |
| 2005110400006711 | 004 | A OPEN COMPUTER DRIVES<br>S/N 90640721KN | 1 | EV |
| 2005110400006711 | 005 | QUANTUM HARD DRIVE<br>S/N 69463545476N | 1 | EV |
| 2005110400006711 | 006 | GATEWAY COMPUTER<br>S/N 3265421 | 1 | EV |

**Exhibit B**